## Shaffer Estate

*Archibald M. Matthews*, for petitioner.

*Simon K. Uhl*, for respondent.

LANSBERRY, P. J., February 25, 1966.—Harvey F. Shaffer died testate on February 17, 1963, in Somerset Borough, survived by his widow, Mary A. Shaffer, four sons, Raymond L. Shaffer, Orville G. Shaffer, Walter J. Shaffer and Hubert Shaffer, and also one grandson and seven granddaughters, the grandchildren being the children of a deceased daughter, Grace P. Shaffer Foust. Orville G. Shaffer, a son, was designated executor of the estate, and letters testamentary were granted to him on February 27, 1963.

Decedent was possessed of no personal estate whatsoever at the time of his death, but was possessed of a town lot and dwelling house thereon, which was appraised for estate and inheritance tax purposes at the sum of $6,050. On December 31, 1963, an order of the Orphans' Court of Somerset County was entered di-

recting that the family exemption for the widow be paid out of the proceeds of the sale of the real estate in the amount of $1,000. This order was, of course, based on the assumption and assurance of counsel that the property would be sold in the course of proper estate administration.

The stated liabilities of the estate, including the costs of administration, funeral expenses, family allowance for the widow and a mortgage in the face amount of $2,500, together with interest thereon, amount to a total of $6,342.55.

On December 31, 1963, the executor of the estate presented his petition to this court, seeking an order of public sale of the real estate for the payment of the debts of decedent. In that petition, the executor asserted that he had previously entered into an agreement with Raymond L. Shaffer, a son and heir of decedent, and his wife, Ida L. Shaffer, for the sale of the real estate to them at and for the sum of $6,500, which proposed purchase price was said by two competent real estate appraisers in the Borough of Somerset to be a fair and just price for the property. However, Raymond L. Shaffer and Ida L. Shaffer declined to complete that purchase. Thereafter, the petition for an order of court for the sale of the real estate for the payment of debts was presented and the following order was entered: "Now, this 31st day of December 1963, upon consideration of the foregoing petition, Orville G. Shaffer, executor of the estate of Harvey F. Shaffer, deceased, is hereby ordered, directed and permitted to sell at public sale the real estate of the said decedent for the payment of costs and debts, after due and legal advertisement of said sale". The mortgagee, Raymond L. Shaffer, did not consent in writing to a divestiture of the lien of his mortgage in this orphans' court sale.

Pursuant to the order of court, the executor adver-

tised the sale for Monday, February 3, 1964, at 9:30 a.m., at the court house and, in the advertisement stated that pursuant to the "Order of the Orphans' Court of Somerset County, Pennsylvania, made December 31, 1963 (he) will expose at public sale for the payment of debts" the dwelling property of decedent. The sale was properly advertised, and the terms of the sale were stated to be 10 percent cash at the time the property was sold and the balance upon delivery of the deed.

At the public sale on February 3, 1964, the property was sold to Ida L. Shaffer, the highest bidder and the wife of Raymond L. Shaffer, mortgagee, for the sum of $4,700, and at the time of the sale, Ida L. Shaffer paid the sum of $470, being 10 percent of the purchase price, in accordance with the terms of sale. Ida L. Shaffer now refuses to pay the balance of the purchase price for the reason hereinafter noted.

On August 18, 1964, the executor presented another petition requesting an order for a *resale* of the real estate at public sale for payment of debts. To this petition we granted a rule to show cause why the petition for resale should not be allowed, and caused the rule to be served on Ida L. Shaffer, to which a responsive answer was filed August 27, 1964. In her answer, she admits that she purchased this property for $4,700 and that she declined to pay the balance due on the purchase price, and asserts as the reason therefor the failure of the executor to deliver a deed for the premises free and clear of the lien of the mortgage against the property. Her contention is that she cannot and is not required to pay the balance of the purchase price unless the mortgage is simultaneously satisfied and her title free of the lien of the mortgage. The mortgagee, her husband, refuses to satisfy the mortgage unless he is paid the amount of his mortgage and interest in full. Manifestly, there is not sufficient money in the

estate to pay the debts, including the mortgage and interest due thereon. In the eighth paragraph of her answer, being in substance the answer to paragraph 15 of the petition, she says, "Respondent presently stands ready and willing to pay the balance of the purchase price or $4,230 at this time, provided the mortgage against the property is simultaneously satisfied, in full".

There can be no question that the orphans' court possessed jurisdiction to authorize the sale of the real estate in the proper administration of the estate: Fiduciaries Act of April 18, 1949, P. L. 512, art. V, sec. 543, 20 PS §320.543. This section is taken in part from the provisions of the Fiduciaries Act of June 7, 1917, including portions of section 16, which authorized sales and mortgages of property for the payment of decedent's debts. A sale under this section of the Fiduciaries Act ordinarily divests liens of record at the time of decedent's death, since it is regarded as a judicial sale as to the discharge of liens. However, a sale of real estate under section 543 will not discharge the lien of a first mortgage unless the mortgagee shall consent, by writing filed in the proceedings, that the sale shall have the effect of discharging his mortgage lien. Thus, while it is generally regarded as a judicial sale as to the discharge of liens, as that phrase is commonly referred to, it is by the act itself a qualified judicial sale.

In this instance, the mortgagee, Raymond L. Shaffer, did not consent in writing to the discharge of the lien of his mortgage, and when the order of this court authorizing the sale of decedent's real estate was made on December 31, 1963, and when the property was sold on February 3, 1964, the decree of court did not provide for the discharge of this lien, and the sale was made subject to the lien of the mortgage of Raymond L. Shaffer. Ida L. Shaffer, having been the purchaser

at the orphans' court sale, is obliged to pay to the executor the full amount of the purchase price she bid for the property and, upon payment of the same, is entitled to a deed from the executor; however, as noted, the title will not be free, clear and divested of the lien of the mortgage. Raymond L. Shaffer is not required to satisfy the mortgage until he receives the debt due him.

We are not unmindful of Ida L. Shaffer's answer to the rule and petition, in which she states, inter alia, "Respondent presently stands ready and willing to pay the balance of the purchase price of $4,230 at this time provided the mortgage against the premises is simultaneously satisfied, in full". Nor are we unmindful of the assertion of counsel, both in the oral argument and written brief on behalf of Raymond L. Shaffer, as follows: "The mortgagee in this instance is not relying however upon his rights under the aforesaid act. To the contrary, he is willing to permit his mortgage to be discharged provided he is paid from the proceeds of the sale, but refuses to await payment until the filing and approval of the Executor's Account". Otherwise stated, Ida L. Shaffer, wife of the mortgagee, is willing to pay her bid price on a condition that Raymond L. Shaffer, her husband and mortgagee, satisfies the lien of his mortgage so that the executor can deliver a title free of the mortgage, and Raymond L. Shaffer is willing to satisfy the lien of his mortgage on his wife's purchased property on the condition that his mortgage is paid in full. While that would be a pleasant solution to the apparent impasse as between Mr. and Mrs. Raymond L. Shaffer on the one hand and the executor on the other, such is not sanctioned in law, nor is it the orderly process for the administration of estates as established by law. It is for Orville G. Shaffer, executor of his father's estate, to deliver the deed upon receiving the purchase price

and thereafter make the distribution of the fund according to law. It is not for the purchaser to state how the purchase price paid by her is to be distributed, which is precisely what she attempts to do by tendering a conditional payment. Moreover and equally, it is not for Raymond L. Shaffer, mortgagee, to offer to waive the provisions of the law, to wit, that his lien may be discharged on the condition that his lien be paid in full out of the sale price. The very purpose of that protection in the law, which he now offers to waive, was written into the law to insure to him payment of the mortgage debt, and it may not be waived conditionally. If the waiver is genuine, it must be in writing and without condition attached. Where a lienholder waives his lien in writing, he must be willing to let the property be sold unconditionally at judicial sale and divested of that lien.

The problem here obviously is that there are not sufficient assets in this estate, the purchase price of the real estate, to satisfy all of the debts of the estate. Such, however, does not justify or allow the avoidance or noncompliance with the law governing the administration of estates of deceased persons. Because of this financial insufficiency, counsel for the estate seeks not only an order for the resale of the property, but also an order of this court directing the distribution of the funds as to the order of payment of the debts and obligations of the estate. The latter request is premature. When the sale of the property is concluded or eventually made, it will be the duty of the executor in the first instance to properly account for the funds in the estate and propose the distribution thereof according to law.

By way of summary, it is clear that the Orphans' Court of Somerset County, Pa., possesses jurisdiction, under section 543 of the Fiduciaries Act of 1949, 20 PS §320.543, to authorize the executor to offer the property

at a judicial sale and that this sale, although a judicial sale, did not discharge the lien of the mortgage, for the reason that consent in writing was not given as permitted in and provided by section 547 of the Fiduciaries Act of 1949, 20 PS §320.547, and, accordingly, Ida L. Shaffer purchased the property subject to the lien of the mortgage of Raymond L. Shaffer. It follows that Ida L. Shaffer is obliged to pay over to the executor the balance due on the purchase price and thereupon receive her deed for the property. In the event she fails to do so within a reasonable period of time, she must be held to forfeit the portion of the bid purchase price paid under the terms of the sale, and the property will have to be resold. Either upon receipt of the purchase price from Ida L. Shaffer or upon receipt of the purchase price at a resale, it will be the executor's duty to submit his account and proposed distribution for consideration by the court in the manner provided by law.

In accordance with the foregoing opinion, we now enter the following

### DECREE NISI

Now, February 25, 1966, the petition of Orville G. Shaffer, executor of the estate of Harvey F. Shaffer, deceased, for an order of resale of the real estate of decedent, having come on for consideration by the court, upon extended consideration and in accordance with the foregoing opinion, it is ordered, adjudged and decreed nisi as follows:

1. The Orphans' Court of Somerset County, Pa., has jurisdiction of the parties and the subject matter as set forth in the petition for resale.

2. The sale of the real estate of decedent on February 3, 1964, as authorized by the Orphans' Court of Somerset County, Pa., was a judicial sale in which Ida L. Shaffer became the purchaser of the premises described upon payment of the full purchase price,

subject to the lien of the mortgage of Raymond L. Shaffer, the lien of which mortgage was not discharged.

3. Ida L. Shaffer, purchaser, is directed to pay over the balance of the purchase price within 20 days of the final decree herein to the executor, Orville G. Shaffer, or forfeit the 10 percent of the bid purchase price, which was paid as required by the terms of the sale.

4. Upon payment of the purchase price, the executor is directed to deliver a proper deed of conveyance to the named purchaser, Ida L. Shaffer, and thereafter account for and propose distribution of the purchase price as required by law.

5. Upon default by Ida L. Shaffer in the payment of the balance of the purchase price as required by this decree, on motion of counsel for the estate, a resale will be authorized as allowed by law.

6. The record costs of this proceeding are assessed against Ida L. Shaffer.

7. Unless exceptions to the within decree nisi are filed within 20 days from the date hereof, this decree nisi shall become the final decree in the matter.